UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**SHELLEY L. STANGLER, P.C.**
155 MORRIS AVENUE, 2ND FLOOR
SPRINGFIELD, NJ 07081
PHONE (973) 379-2500 FAX (973) 379-0031
Attorney for Plaintiffs

|  |  |
|---|---|
| MOHAMMAD R. RAHAMI,<br>MOHAMMAD K. RAHAMI, JR.,<br>MOHAMMAD Q. RAHAMI,<br><br>      Plaintiffs,<br>  vs.<br><br>THE CITY OF ELIZABETH, THE<br>ELIZABETH POLICE DEPARTMENT,<br>OFFICER J. CORREIA, OFFICER L.<br>BOONE, OFFICER JOSEPH WASSELL,<br>OFFICER HECTOR CABO, DETECTIVE<br>V. TROPEANO, SERGEANT BURNS,<br>LIEUTENANT JOHN BASTARDO,<br>CHIEF OF POLICE RONALD SIMON,<br>POLICE DIRECTOR JAMES<br>COSGROVE, JAMES DEAN<br>MCDERMOTT, JOHN DOES 1-5 and ABC<br>ENTITIES 1-5 (fictitious names<br>representing as yet unidentified persons,<br>business or governmental entities or<br>agencies, subdivisions or agents of<br>governmental entities),<br><br>      Defendants. | **CIVIL ACTION**<br><br>Civ No:<br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs **MOHAMMAD R. RAHAMI, MOHAMMAD K. RAHAMI, JR.** and

**MOHAMMAD Q. RAHAMI,** by way of complaint against the defendants

**THE CITY OF ELIZABETH, THE ELIZABETH POLICE DEPARTMENT,**

**OFFICER J. CORREIA, OFFICER L. BOONE, OFFICER JOSEPH WASSELL,**

**OFFICER HECTOR CABO, DETECTIVE V. TROPEANO, SERGEANT BURNS,**

**LIEUTENANT JOHN BASTARDO, CHIEF OF POLICE RONALD SIMON,**

**POLICE DIRECTOR JAMES COSGROVE, JAMES DEAN MCDERMOTT, JOHN DOES 1-5 and ABC ENTITIES 1-5** sets for the following upon information and belief:

## I. THE PARTIES

1. At all relevant times herein plaintiff **MOHAMMAD R. RAHAMI** was and is a resident of the County of Union and State of New Jersey, and the owner and operator of a restaurant known as First American Fried Chicken located at 104 Elmora Avenue, Elizabeth, New Jersey.

2. At all relevant times herein plaintiff **MOHAMMAD K. RAHAMI, JR** was and is a resident of the County of Union and State of New Jersey and is the son of plaintiff **MOHAMMAD R. RAHAMI a**nd an employee of the First American Fried Chicken restaurant.

3. At all relevant times herein plaintiff **MOHAMMAD Q. RAHAMI** was and is a resident of the County of Union and State of New Jersey and is the son of plaintiff **MOHAMMAD R. RAHAMI** and an employee of the First American Fried Chicken restaurant.

4. At all relevant times herein defendant the **CITY OF ELIZABETH** was and is a municipal entity organized and existing pursuant to the laws of the State of New Jersey, with a place of business at 50 Winfield Scott Plaza,  Elizabeth, NJ 07201.

5. At all relevant times herein defendant the **ELIZABETH POLICE DEPARTMENT** was and is an agency, department and/or subdivision of the **CITY OF ELIZABETH** organized and existing pursuant to the laws of the State of New Jersey,

engaged in the hiring, training and supervision of law enforcement officers, with a place of business at 1 Police Plaza, Elizabeth, New Jersey 07201.

6.    At all relevant times herein defendant **POLICE OFFICER J. CORREIA** (hereinafter "**CORREIA**") was a police officer employed by the defendants **CITY OF ELIZABETH** and the **ELIZABETH POLICE DEPARTMENT**, acting in his official capacity as a police officer under color of law.

7.    At all relevant times herein, upon information and belief, defendant **POLICE OFFICER L. BOONE (**hereinafter "**BOONE**")**,** was a police officer employed by the defendants **CITY OF ELIZABETH** and the **ELIZABETH POLICE DEPARTMENT**, acting in his official capacity as a police officer under color of law.

8.    At all relevant times herein, upon information and belief, defendant **POLICE OFFICER JOSEPH WASSEL** (hereinafter "**WASSEL**")**,** was a police officer employed by the defendants **CITY OF ELIZABETH** and the **ELIZABETH POLICE DEPARTMENT**, acting in his official capacity as a police officer under color of law.

9.    At all relevant times herein, upon information and belief, defendant **POLICE OFFICER HECTOR CABO, (**hereinafter "**CABO**")**,** was a police officer employed by the defendants **CITY OF ELIZABETH** and the **ELIZABETH POLICE DEPARTMENT**, acting in his official capacity as a police officer under color of law.

10.    At all relevant times herein, upon information and belief, defendant **DETECTIVE V. TROPEANO (**hereinafter "**TROPEANO**")**,** was a law enforcement officer and detective employed by the defendants **CITY OF ELIZABETH** and the **ELIZABETH POLICE DEPARTMENT**, acting in his official capacity as a law enforcement officer under color of law.

11.    At all relevant times herein, upon information and belief, defendant **SERGEANT BURNS** (hereinafter "**BURNS**")**,** was a law enforcement officer and

detective employed by the defendants **CITY OF ELIZABETH** and the **ELIZABETH POLICE DEPARTMENT**, acting in his official capacity as a law enforcement officer under color of law.

12. At all relevant times herein, upon information and belief, defendant **LIEUTENANT JOHN BASTARDO** (hereinafter **"BASTARDO")**. was a law enforcement officer and internal affairs investigator employed by the defendants **CITY OF ELIZABETH** and the **ELIZABETH POLICE DEPARTMENT**, acting in his official capacity as a law enforcement officer under color of law.

13. At all relevant times herein, upon information and belief, defendant **CHIEF OF POLICE RONALD SIMON** (hereinafter **"DIRECTOR SIMON"),** was a law enforcement officer with supervisory authority over the **ELIZABETH POLICE DEPARTMENT,** responsible for the supervision and oversight of the Department, including the development, promulgation, and implementation of policies, procedures and standards for the police department and more specifically policies, procedures and standards relating to the review and enforcement of local ordinances, harassment, abuse of power and authority, arrest procedures, internal affairs investigations, investigations of complaints, discipline and overall conduct of police and law enforcement officers.

14. At all relevant times herein, upon information and belief, defendant **POLICE DIRECTOR JAMES COSGROVE,** (hereinafter **"DIRECTOR COSGROVE"),** was a law enforcement officer with supervisory authority over the **ELIZABETH POLICE DEPARTMENT,** responsible for the supervision and oversight of the Department, including the development, promulgation, and implementation of policies, procedures and standards for the police department and more specifically policies, procedures and standards relating to the review and enforcement of local ordinances, harassment, abuse of power and authority, arrest procedures, internal affairs investigations, investigations of complaints, discipline and overall conduct of police and law enforcement officers.

15.    At all relevant times herein, upon information and belief, defendant **JAMES DEAN MCDERMOTT** (hereinafter **"DEAN"**) was and is a resident of the City of Elizabeth and business owner with a place of business at Dean Relay Press & Radio, 713 Linden Avenue, Elizabeth, New Jersey 07202 who persisted in a course of conduct designed to intimidate and harass plaintiffs by reason of their religion and national identity and national origin.

16.    At all relevant times herein defendants **JOHN DOES 1 -5   (as yet unidentified individuals )** were duly appointed police officers and/or  supervisors of defendants **CITY OF ELIZABETH** and the **ELIZABETH POLICE DEPARTMENT,** or other employees, agents or servants of the municipality, unidentified persons filing false and baseless complaints against the plaintiffs and their business operations.

17.    At all relevant times herein defendants **ABC ENTITIES 1-5** were  as yet unidentified departments, agencies or subdivisions of the **CITY OF ELIZABETH, ELIZABETH POLICE DEPARTMENT**, and/or municipal entities responsible for supervision, management and control over defendant officers **CORREIA, BOONE, WASSEL, CABO, TROPEANO, BURNS,** and others.

## II. NATURE OF ACTION

18.    Plaintiffs have owned and operated the First American Fried Chicken restaurant at 104 Elmora Avenue since 2002.  The restaurant operates both a take out and eat-in business, with tables available for customers.

19.    Commencing in July 2008 plaintiffs had been subjected to citations and summonses for allegedly violating a local ordinance regulating hours of operation for certain businesses, in particular requiring certain establishments to close by 10:00pm.

20.    The legal issues surrounding the summons and the applicability of the subject ordinance were resolved on September 25, 2008 in Municipal Court, where the subject ticket was dismissed.

21.    Despite their legal right to keep the restaurant open past 10:00pm,

defendants, each and every one of them, with reckless disregard and deliberate indifference to plaintiffs' constitutional rights of liberty, due process and equal protection embarked on a course of conduct to harass, humiliate, intimidate, retaliate against and force plaintiffs to close their business by 10pm by filing complaints, tickets, summonses, and charges relating to the subject ordinance, claiming that the business hours of the restaurant needed to be limited.

22.   The tickets, summons and complaints were all baseless, unfounded, and designed solely to intimidate and harass plaintiffs.

23. The period involved in the harassment occurred between April 28, 2009 through February 2011.

24.  In addition to various tickets and summonses, the numerous events involving the defendant police officers and supervisory officials included arrests, incarceration, and false charges.

25.  Defendant **DEAN** was an individual in the neighborhood who repeatedly complained to the police that plaintiffs' business was "open,"  and commented to plaintiffs that "you are Muslims,"  that "Muslims make too much trouble in this country," among other comments clearly singling plaintiffs out on the basis of race, religion and national origin.

26.   During the events and incidents with the police, as set forth in more detail herein,  defendant officers stated to plaintiffs that "there's too much crime around here," "this area by your restaurant is a known place for criminal activity," and confirmed complaints made by defendant **DEAN,** without any investigation or determination of the validity of the complaints.

27.   Defendants' motives in singling out plaintiffs for selective enforcement of an ordinance, for failing to adhere to a court's determination that the ordinance did not apply to plaintiffs,  for the filing of complaints, tickets, summons, for arresting and charging plaintiffs with obstruction of justice and disorderly conduct, among other threats

and abuse,  were based solely on animus against plaintiffs' religion, creed, race and national origin.

28.   Plaintiffs **MOHAMMAD RAHAMI, MOHAMMAD K. RAHAMI, JR,** and **MOHAMMAD Q. RAHAMI** institute this action for compensatory and punitive damages arising out of the unlawful actions and conduct of defendants **THE CITY OF ELIZABETH** and the **ELIZABETH POLICE DEPARTMENT** (together the "**PUBLIC ENTITY**" defendants),   law enforcement officers **CORREIA, BOONE, WASSEL, CABO, TROPEANO** and **BURNS (**together the **"OFFICER" defendants),** supervisory officials   **CHIEF SIMON** and **DIRECTOR COSGROVE** (together the "**SUPERVISORY**" defendants), **JOHN DOES 1-5** and **ABC ENTITIES 1-5** who, acting under color of state law and under authority, custom and usage violated the civil rights of plaintiffs protected by and secured under the provisions of the First, Fourth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Section 1983 and Title 43 of the United States Code, Section 1985 (2) *et. seq.*

29.   Plaintiffs also institutes this action for common law harassment and violation of the New Jersey Law Against Discrimination ("LAD") against defendant **DEAN.**

30.   Plaintiffs also institutes this action pursuant to the laws of the State of New Jersey for damages arising by reason of false arrest, malicious prosecution, pain and suffering, negligence, the failure to properly hire, train and supervise, abuse of authority, retaliation, failure to intervene and failure to protect, among other acts of negligence and common law claims.

31.   Plaintiff further seeks relief against defendants for violation of constitutional rights under the New Jersey Civil Rights Statute, Title 10 N.J.S.A. 6-1 and for violations under the New Jersey Law Against Discrimination.

## JURISDICTION

32.   This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331, 1332, 1343 (2), 1343 (4), and Title 2 of the United States Code Sections 1983, 1985 (2) as well as pendent jurisdiction to adjudicate plaintiffs' causes of action on the state and common law claims.

33.   Venue is properly laid in the United States District Court of the District of New Jersey pursuant to Title 28 of the United States Code Section 1391(b) in that substantially all of the acts complained of herein occurred in the district and that the defendant are citizens of, reside in or are public entities of the State of New Jersey and domiciled within this district.

34.   The matter in controversy exceeds $75,000, exclusive of interest.

## NOTICES OF CLAIMS

35.   Plaintiffs served Notice of Claims for damages in the form prescribed by New Jersey Statues Title 59:8-4 and signed by plaintiff's representative, Shelley L. Stangler upon the **PUBLIC ENTITY, OFFICER** and **SUPERVISORY** defendants by certified mail within the statutorily prescribed period.

36.   More than six (6) months have elapsed since service of plaintiff's Notices of Claims and the claims remain unresolved.

37.   This action is commenced within two (2) years from the date of the events upon which the claims are based.

**FACTUAL ALLEGATIONS**

38.  Plaintiffs managed and operated the First American Fried Chicken Restaurant from 2002 to 2008 without incident.

39.  On July 4, 2008 plaintiffs received a summons from the **PUBLIC ENTITY, OFFICER** and **SUPERVISORY** defendants that the restaurant was in violation of local ordinance Chapter 5.71, "Regulation of the Hours of Operation of Certain Retail Establishments."

40.  The ordinance was enacted in 2003 and prohibited certain retain establishments from staying open past 10pm, subject to certain exemptions.

41.  One of the exemptions was for a restaurant, defined as a "retail establishment that prepares and serves meals or food for consumption inside the retail establishment." Section 5.71.010 of the ordinance.

42.  The municipal prosecutor had the charges dismissed in municipal court on September 25, 2008, finding that the restaurant met the conditions of the ordinance and that it was approved to stay open past 10:00pm.

43.  At the time the summons was issued, and at all times to the present and through the course of events that occurred thereafter, as described herein,  upon information and belief many other food based establishments, including but not limited to Duncan Donuts, White Castle, Carvel and other restaurants in the immediate vicinity stayed open past 10pm without incident, complaint, or being the subject of a summons by the police.

44.  Commencing April 28, 2009, and again on May 27, 2009, May 28, 2009, June 15, 2009 and June 26, 2009, plaintiffs received summons and tickets for violation of

the subject ordinance.

45.  More particularly, on April 26, 2009 several police officers, including several of the **OFFICER** defendants, in particular **CORREIA** showed up at the premises of the restaurant and told plaintiffs **MOHAMMAD K. RAHAMI, JR**. and **MOHAMMAD Q. RAHAMI,** then a minor,  that they had to close the premises and could not be open past 10pm. This occurred around 10pm.

46.  Plaintiffs showed **OFFICER CORREIA** the court papers and explained that they had already litigated the matter  to which **CORREIA** responded "I don't believe this,"  made comments to the effect that the restaurant should not be open," and eventually left.

47.  On April 28, 2009 defendant **CORREIA**, among other officers and representatives of the **PUBLIC ENTITY** defendants show up again and issued two (2) tickets to plaintiffs for having the restaurant open at 10pm.

48.  Plaintiffs appeared numerous times on these tickets as well as others served subsequently as set forth herein, but a hearing was not held and no action was taken on the tickets until February 15, 2011.

49.  Thereafter a series of incidents occurred involving various police officers appearing at the business establishment of the plaintiffs on various occasions. On some occasions the police would advise that it was "OK" to keep the restaurant open; on some occasions the police, particularly defendant **CORREIA** would tell them to shut it down and that they could not keep it open.

50.  During this period, occurring between April 28, 2009 and July 2009, plaintiffs attempted to keep their restaurant open after 10pm,  consistent with all the other

retail food establishments in the vicinity, but were accosted by defendant **CORREIA** and other **OFFICER** defendants and/or representatives of the **PUBLIC ENTITY** and **SUPERVISORY** defendants on several occasions, who kept telling them they had to close the business, and made comments about 'crime in the neighborhood," that this "was a high crime area," and that the restaurant presented a danger to the community and that "there is a lot of crime around here."

51.   After being threatened and harassed by defendant **CORREIA**, plaintiffs stopped staying open and closed the restaurant at 10pm, losing substantial business and revenue as a result.

52.   On May 27, 2009 and again on May 28, 2009 defendant **CORREIRA**, the **OFFICER** defendants, **PUBLIC ENTITY** and **SUPERVISORY** defendants cause summonses to issue against plaintiffs for keeping the restaurant open past 10pm.

53.   Plaintiffs' restaurant was closed for business after 10pm, was not open to the public on these occasions, yet the **OFFICER, PUBLIC ENTITY** and **SUPERVISORY** defendants issued a ticket and summons anyway.

54.   The tickets issued on May 27, 2009 and May 28, 2009, as well as the tickets issued on April 28, 2010, were dismissed and terminated favorably to the plaintiffs on February 15, 2011.

55.   Sometime after plaintiffs opened their restaurant they were met with hostility by defendant **DEAN,** who walked into the restaurant and announced that "Muslims should not have businesses here" and "Muslims are trouble" and similar type comments.   **DEAN** also asked plaintiffs where they were from, to which they responded "Afghanistan." **DEAN** commented that "Muslims don't belong here."

11

56. During the course of the various interactions with the police, it became known to plaintiffs that **DEAN** was filing complaints and calling the police to advise them that the restaurant was "open," which would result in the police coming to the restaurant and further harassing plaintiffs.

57. The complaints by **DEAN** were untrue, as plaintiffs complied with the orders of defendant **CORREIA** and the **OFFICER** defendants, **PUBLIC ENTITY** and **SUPERVISORY** defendants.

58. Defendant **DEAN** conspired with the **PUBLIC ENTITY, OFFICER** and **SUPERVISORY** defendants to maliciously and without basis harass, intimidate and threaten plaintiffs based on their religion, national origin and race.

59. Sometime around the first week of June 2009 two (2) law enforcement officers with indicia of color of law and acting on behalf of the **PUBLIC ENTITY** and **SUPERVISORY** defendants came onto the restaurant premises and advised plaintiffs that it was "OK" to stay open late and that plaintiffs did in fact have an exemption under the relevant ordinance.

60. Plaintiffs tried keeping the restaurant open after that.

61. However, on June 15, 2009 at approximately 10pm officer defendants **CORREIA, WASSEL, BURNS** and **BOONE** came onto the restaurant premises again badgering and harassing plaintiffs and advising them they had received "complaints," that plaintiffs were violating the subject ordinance.

62. One of the complaints was upon information and belief made by defendant **TROPEANO.**

63. Plaintiffs **MOHAMMAD K. RAHAMI, JR**. and **MOHAMMAD Q.**

**RAHAMI** became upset and told the officers they were wrong and attempted to record the conversation with a hand held device. Plaintiffs complained about getting another summons and about the selective enforcement in the neighborhood.

64. Plaintiffs **MOHAMMAD K. RAHAMI, JR.** and **MOHAMMAD Q. RAMAHI** were arrested and incarcerated.

65. **MOHAMMAD Q. RAHAMI** was arrested but not charged and let go from custody after several hours; **MOHAMMAD K. RAHAMI, JR.** was charged with disorderly conduct and preventing the police from lawfully performing an official function.

66. The arrests were baseless, without probable cause, made with malicious intent and reckless disregard to plaintiff's constitutional rights and in violation of policy.

67. On June 15, 2009, at the time of the arrest, yet another ticket was issued for keeping the restaurant open past 10pm.

68. This ticket, 2009 G 046803 is the subject of an appeal filed March 7, 2011 from a conviction entered February 15, 2011.

69. On or about June 24, 2009 plaintiffs went to the **PUBLIC ENTITY** defendants to file an internal affairs complaint and to complain about their mistreatment, harassment, and abuse of power and authority by the **PUBLIC ENTITY, OFFICER** and **SUPERVISORY** defendants. Defendant **BASTARDO** failed and refused to accept their complaint.

70. On June 26, 2009 yet another summons was issued to plaintiffs for violation of the subject ordinance.

13

71.    The June 26, 2009 ticket was dismissed and terminated favorably to plaintiffs on February 15, 2011.

72.    On or about July 6, 2009 police officers arrive at the restaurant and insist they are going to stay there until plaintiffs close it, despite plaintiff's pleas that both the Court and other officers had permitted the business to remain open.   The officers' response was that the "police chief" wanted it closed.

73.    On July 13, 2009 defendant **DEAN** came to the front of the restaurant which was closed and called the police to complain that it was open.

74.    The police arrived and told **DEAN** that the restaurant was closed.

75.    On or about September 28, 2009 plaintiff **MOHAMMAD RAHAMI** received in the mail two (2) tickets regarding a harassment complaint filed against him by defendant **DEAN**.   One with a complaint date of May 26, 2007 and another with complaint date of July 20, 2007.

76.    The tickets showed up in the mail with a notice to appear in court November 10, 2009.

77.    The harassment charges were dismissed by the Court favorably to plaintiffs on February 15, 2011.

78.    The charges against **MOHAMMAD K. RAHAMI, JR.** have resulted in a plea of obstruction.

79.    As of around February 15, 2010 the restaurant has stayed open past 10pm without incident or police interference, objection or further tickets.

### COUNT I

80.    Plaintiffs repeat each and every allegation contained in paragraphs one (1)

through seventy-nine (79) of the Complaint as if set forth fully herein at length.

81.   At all relevant times herein, the **PUBLIC ENTITY, OFFICER** and

**SUPERVISORY** defendants, **JOHN DOES 1-5** and **ABC ENTITIES 1-5,** through their

employees, agents and servants, were acting under color of law under the state and

federal Constitution, statutes, laws charters, ordinances, rules, regulations customs,

usages and practices of the subject governmental departments, agencies and entities and

within the scope of their authority as employees and/or officers of the **PUBLIC ENTITY**

defendants.

82.   During all relevant times herein the aforementioned defendants acted jointly

and in concert with each other, and conspired and agreed between and amongst

themselves to discriminate against plaintiffs and illegally harass them by causing to be

issued tickets and summonses in violation of law, without basis or probable cause,  to

selectively enforce any applicable law by purposely and maliciously discriminating

against plaintiffs by reason of their race, religion, and national origin, and to arrest and

prosecute plaintiffs without basis or probable cause, to abuse their authority and to

harass, intimidate and threaten plaintiffs solely by reason of their protected class.

83.     During all relevant times herein the aforementioned defendants acted

jointly and in concert with each other, and conspired and agreed between and amongst

themselves to retaliate against plaintiffs for attempting to file an internal affairs complaint

and/or complaining of police misconduct.

84.     During all relevant times herein the **PUBLIC ENTITY, OFFICER,**

**SUPERVISORY** defendants, **JOHN DOES 1-5** and **ABC ENTITIES 1-5**, their agents,

servants and/or employees acted with deliberate and conscious indifference to plaintiffs'

constitutional rights which violations arose out of a pattern or custom or policy and practice by each of the **PUBLIC ENTITY, OFFICER, SUPERVISORY, JOHN DOE 1-5** and **ABC ENTITY 1-5** defendants in failing to properly investigate, in issuing tickets and summonses without justification or cause; in arresting plaintiffs without justification or cause, in allowing, permitting and condoning the issuance of tickets and summonses contrary to law, in abusing the power and authority they possessed, in selective enforcement, in singling out the plaintiffs by reason of their religion, race and national origin, in allowing, permitting and condoning an improper arrest, in allowing, permitting and condoning the filing of false charges and retaliation, in the malicious prosecution of the charges,  in the violation of police procedures as well as the failure to properly hire, train and supervise the **PUBLIC ENTITY** employees in the proper conduct of their duties, among other acts and omissions.

85.   The foregoing acts of issuing tickets and summonses to force plaintiff to close or limit their business and deprive them of income, selective enforcement of the law,  false arrest, false imprisonment, retaliation, discrimination, malicious prosecution and abuse of process violated plaintiff's **MOHAMMAD R. RAHAMI,  MOHAMMAD K. RAHAMI, JR.,** and **MOHAMMAD Q.   RAHAMI'S** rights under the Fourth Amendment to be secure in their person from unreasonable seizures, and deprived plaintiffs of their rights, privileges and immunities secured by the Constitution and laws of the United States.

86.   The foregoing acts of issuing tickets and summonses to force plaintiff to close or limit their business and deprive them of income, selective enforcement of the law, false arrest, false imprisonment, retaliation, discrimination, malicious prosecution

and abuse of process violated plaintiffs **MOHAMMAD R. RAHAMI, MOHAMMAD K. RAHAMI, JR.**, and **MOHAMMAD Q. RAHAMI'S** rights under the under the First, Fifth and Fourteenth Amendments to due process, equal protection, freedom of speech and association and his rights of privacy and deprived plaintiffs of their rights, privileges and immunities secured by the Constitution and laws of the United States.

87.   The foregoing acts of false arrest, false imprisonment, malicious prosecution and abuse of process violated plaintiffs **MOHAMMAD R. RAHAMI, MOHAMMAD K. RAHAMI, JR.**, and **MOHAMMAD Q. RAHAMI'S** rights, under the Eighth Amendment to be free of cruel and unusual punishment and deprived plaintiffs of their rights, privileges and immunities secured by the Constitution and laws of the United States.

88.  The **PUBLIC ENTITY** and **SUPERVISORY** defendants, **JOHN DOES 1-5** and **ABC ENTITIES 1-5,** their agents, servants and/or employees by reason of their acts, omissions, deliberate and conscious indifference to the rights of plaintiffs **MOHAMMAD R. RAHAMI, MOHAMMAD K. RAHAMI, JR.**, and **MOHAMMAD Q. RAHAMI**, failure and refusal to properly supervise or otherwise correct improper conduct, in allowing and permitting a pattern of improper violation of police procedures and protocol to persist, failure to properly hire, train and supervise law enforcement officers, and permitting a pattern of abuse to continue, deprived plaintiff of his rights, privileges and immunities secured by the Constitution and laws of the United States, and are liable to plaintiffs pursuant to Title 42 Section 1983 of the United States Code and under state law.

89.   The aforedescribed acts of the **PUBLIC ENTITY, OFFICER** and

**SUPERVISORY** defendants, **JOHN DOES 1-5** and **ABC ENTITIES 1-5** were committed under the color of law and within their authority as police officers and employees of the **PUBLIC ENTITY** defendants and they were acting within the scope of their employment and pursuant to the authority vested in them by said defendants.

90.   The aforescribed acts of the **OFFICER** defendants,  **JOHN DOES 1-5** and **ABC ENTITIES 1-5** were committed while under the directive and supervision of defendants **CHIEF SIMON** and **DIRECTOR COSGROVE,** the **PUBLIC ENTITY** defendants, and others in the chain of command.

91.   The **PUBLIC ENTITY, OFFICER** and **SUPERVISORY** defendants, **JOHN DOES 1-5** and **ABC ENTITIES 1-5** deprived plaintiffs of their constitutional rights, acting under color of statute, ordinance, regulation, custom or usage and misused the power they possessed.

92.   The **PUBLIC ENTITY, OFFICER** and **SUPERVISORY** defendants, **JOHN DOES 1-5** and **ABC ENTITIES 1-5** acted pursuant to official policy and/or governmental custom, and deprived plaintiffs of theirs constitutional rights secured by 42 U.S. Code Section 1983.

93.   As a direct and proximate result of the practices, customs and usages of the **PUBLIC ENTITY, OFFICER** and **SUPERVISORY** defendants,  **JOHN DOES 1-5** and **ABC ENTITIES 1-5** defendants,  plaintiffs were deprived of their rights to due process of law and equal protection under the law guaranteed under the First,  Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States.

94. By reason of the foregoing, defendants violated the civil rights of plaintiffs **MOHAMMAD R. RAHAMI, MOHAMMAD K. RAHAMI, JR**. and **MOHAMMAD Q. RAHAMI**.

95. By reason of the foregoing, plaintiffs and as a direct and proximate result of defendant's and constitutional violations, plaintiffs **MOHAMMAD R. RAHAMI, MOHAMMAD K. RAHAMI, JR**., and **MOHAMMAD Q. RAHAMI** have been damaged.

96. By reason of the foregoing, and as a direct and proximate result of defendants' constitutional violations, plaintiffs **MOHAMMAD R. RAHAMI, MOHAMMAD K. RAHAMI, JR**. and **MOHAMMAD Q. RAHAMI** have sustained loss of income and economic losses.

97. By reason of the foregoing, and as a direct and proximate result of defendants' constitutional violations, plaintiffs **MOHAMMAD R. RAHAMI, MOHAMMAD K. RAHAMI, JR**. and **MOHAMMAD Q. RAHAMI** have suffered emotional distress, anguish and loss of reputation.

98. **WHEREFORE,** plaintiffs **MOHAMMAD R. RAHAMI, MOHAMMAD K. RAHAMI, JR**. and **MOHAMMAD Q. RAHAMI** demand judgment against defendants **THE CITY OF ELIZABETH, THE ELIZABETH POLICE DEPARTMENT, OFFICER J. CORREIA, OFFICER L. BOONE, OFFICER JOSEPH WASSELL, OFFICER HECTOR CABO, DETECTIVE V. TROPEANO, SERGEANT BURNS, LIEUTENANT JOHN BASTARDO, CHIEF OF POLICE RONALD SIMON, POLICE DIRECTOR JAMES COSGROVE, JOHN DOES 1-5**