LACORTE, BUNDY, VARADY & KINSELLA
989 BONNEL COURT
UNION, NEW JERSEY 07083
(908) 810-0500
ATTORNEY FOR DEFENDANTS, City of Elizabeth, Elizabeth Police Department,
Chief of Police Ronald Simon, Police Director James Cosgrove and Lieutenant
John Bastardo

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMMAD R. RAHAMI,<br>MOHAMMAD K. RAHAMI, JR.,<br>MOHAMMAD Q. RAHAMI,<br><br>Plaintiffs<br><br>v<br><br>THE CITY OF ELIZABETH, THE<br>ELIZABETH POLICE DEPARTMENT,<br>OFFICER J. CORREIA, OFFICER L. BOONE,<br>OFFICER JOSEPH WASSELL, OFFICER<br>HECTOR CABO, DETECTIVE V.<br>TROPEANO, SERGEANT BURNS,<br>LIEUTENANT JOHN BASTARDO, CHIEF<br>OF POLICE RONAL SIMON, POLICE<br>DIRECTOR JAMES COSGROVE, JAMES<br>DEAN MCDERMOTT, JOHN DOES 1-5 and<br>ABC ENTITIES 1-5 (fictitious names<br>representing as yet unidentified persons,<br>business or governmental entities or agencies,<br>subdivisions or agents of governmental<br>entities),<br><br>Defendants. | Civil Action No.: 2:11-cv-01953-DMC-JAD<br><br><br>CIVIL ACTION<br><br><br>**ANSWER** |

The defendants, City of Elizabeth, Elizabeth Police Department, Chief of Police Ronald Simon,
Police Director James Cosgrove and Lieutenant John Bastardo, by way of answer to the
plaintiff's Complaint say:

1

1.      These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of plaintiff's complaint and therefore, deny the same leaving plaintiffs to their proofs.

2.      These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of plaintiff's complaint and therefore, deny the same leaving plaintiffs to their proofs.

3.      These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of plaintiff's complaint and therefore, deny the same leaving plaintiffs to their proofs.

4.      These defendants admit the allegations contained in Paragraph 4 of plaintiff's complaint.

5.      The defendants admit that the Elizabeth Police Department is a sub-division of the City of Elizabeth.

6.      These defendants admit that defendant Correia was a police officer employed by the City of Elizabeth. These defendants deny any allegations in that complaint.

7.      These defendants admit that defendant Boone was a police officer employed by the City of Elizabeth. These defendants deny any allegations in that complaint.

8.      These defendants admit that defendant Wassell was a police officer employed by the City of Elizabeth. These defendants deny any allegations in that complaint.

9.      These defendants admit that defendant Cabo was a police officer employed by the City of Elizabeth. These defendants deny any allegations in that complaint.

10.     These defendants admit that defendant Topeano was a police officer employed by the City of Elizabeth. These defendants deny any allegations in that complaint.

11.     These defendants admit that defendant Burns was a police officer employed by the City of Elizabeth. These defendants deny any allegations in that complaint.

12.     These defendants admit the allegations contained in Paragraph 12 of plaintiff's complaint.

13.     The defendants admit that Ronald Simon was the Chief of Police for the City of Elizabeth. The defendants leave plaintiff to prove the balance of the allegations in Paragraph 13 of the complaint.

14.     The defendants admit that James Cosgrove was the Police Director for the City of Elizabeth. The defendants leave plaintiff to prove the balance of the allegations in Paragraph 13 of the complaint.

15.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 and therefore deny the same leaving plaintiffs to their proofs.

16.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 and therefore deny the same leaving plaintiffs to their proofs.

17.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 and therefore deny the same leaving plaintiffs to their proofs.

18.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of plaintiff's complaint and therefore deny the same leaving plaintiffs to their proofs.

19.     These defendants admit that plaintiffs have received summonses in regard to their business.

20.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of plaintiff's complaint and therefore deny the same leaving plaintiffs to their proofs.

21.     These defendants deny the allegations contained in Paragraph 21 of plaintiff's complaint.

22.     These defendants deny the allegations contained in Paragraph 22 of plaintiff's complaint.

23.     These defendants deny the allegations contained in Paragraph 23 of plaintiff's complaint.

24.     These defendants deny the allegations contained in Paragraph 24 of plaintiff's complaint.

25.     In that the allegations contained in Paragraph 25 of plaintiff's complaint do not pertain to these defendants these defendants make no answer to the same other than to deny those allegations if they can in any way be construed against these defendants.

26.     In that the allegations contained in Paragraph 26 of plaintiff's complaint do not pertain to these defendants these defendants make no answer to the same other than to deny those allegations if they can in any way be construed against these defendants.

27.     These defendants deny the allegations contained in Paragraph 27 of plaintiff's complaint.

28.     These defendants deny the allegations contained in Paragraph 28 of plaintiff's complaint.

29.     These defendants deny the allegations contained in Paragraph 29 of plaintiff's complaint.

30.     These defendants deny the allegations contained in Paragraph 30 of plaintiff's complaint.

31.     These defendants deny the allegations contained in Paragraph 31 of plaintiff's complaint.

32.     These defendants admit the allegations contained in Paragraph 32 of plaintiff's complaint.

33.     These defendants admit the allegations contained in Paragraph 33 of plaintiff's complaint.

34.     These defendants deny the allegations contained in Paragraph 34 of plaintiff's complaint.

35.     These defendants admit the allegations contained in Paragraph 35 of plaintiff's complaint.

36.     These defendants admit the allegations contained in Paragraph 36 of plaintiff's complaint.

37.     These defendants deny the allegations contained in Paragraph 37 of plaintiff's complaint.

38.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

39.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

40.     These defendants admit there was an ordinance in effect in 2003 prohibiting certain establishments from staying open past 10:00 p.m.

41.     The defendants admit that there was an ordinance with exemptions for a restaurant but deny that the plaintiff has correctly described the ordinance in Paragraph 41 of their complaint.

42.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

43.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

44.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

45.     In that the allegations contained in Paragraph 45 of plaintiff's complaint do not pertain to these defendants these defendants make no answer to the same other than to deny those allegations if they can in any way be construed against these defendants.

46.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

47.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

48.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

49.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

50.     The defendants deny the allegations contained in Paragraph 50 of plaintiff's complaint.

51.     The defendants deny the allegations contained in Paragraph 51 of plaintiff's complaint.

52.     The defendants deny the allegations contained in Paragraph 52 of plaintiff's complaint.

53.     The defendants deny the allegations contained in Paragraph 53 of plaintiff's complaint.

54.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

55.     In that the allegations contained in Paragraph 55 of plaintiff's complaint do not pertain to this defendant these defendants make no answer to the same other than to deny these allegations if they can in any way be construed against these defendants.

56.     In that the allegations contained in Paragraph 56 of plaintiff's complaint do not pertain to this defendant these defendants make no answer to the same other than to deny these allegations if they can in any way be construed against these defendants.

57.     In that the allegations contained in Paragraph 57 of plaintiff's complaint do not pertain to this defendant these defendants make no answer to the same other than to deny these allegations if they can in any way be construed against these defendants.

58.     These defendants deny the allegations contained in Paragraph 58 of plaintiff's complaint.

59.      In that the allegations contained in Paragraph 59 of plaintiff's complaint do not pertain to this defendant these defendants make no answer to the same other than to deny these allegations if they can in any way be construed against these defendants.

60.     In that the allegations contained in Paragraph 60 of plaintiff's complaint do not pertain to this defendant these defendants make no answer to the same other than to deny these allegations if they can in any way be construed against these defendants.

61.     In that the allegations contained in Paragraph 61 do not pertain to these defendants these defendants make no answer to the same other than to deny the same if they can in any way be construed against these defendants.

62.     In that the allegations contained in Paragraph 62 do not pertain to these defendants these defendants make no answer to the same other than to deny the same if they can in any way be construed against these defendants.

63.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

64.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 64 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

65.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 65 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

66.     These defendants deny the allegations contained in Paragraph 66 of plaintiff's complaint.

67.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 67 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

68.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 68 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

69.     These defendants deny the allegations contained in Paragraph 69 of plaintiff's complaint.

70.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

71.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

72.     These defendants deny the allegations contained in Paragraph 72 of plaintiff's complaint.

73.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

74.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 74 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

75.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 75 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

76.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

77.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 77 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

78.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 78 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

79.     These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 79 of plaintiff's complaint and therefore deny the same leaving plaintiff to their proofs.

## FIRST COUNT

80.     The defendants, City of Elizabeth, Elizabeth Police Department, Chief of Police Ronald Simon, Police Director James Cosgrove and Lieutenant John Bastardo, repeat each and every answer to the allegations contained in the First Count of plaintiff's complaint.

81.     The defendants deny the allegations contained in Paragraph 81 of plaintiff's complaint.

82.     The defendants deny the allegations contained in Paragraph 82 of plaintiff's complaint.

83.     The defendants deny the allegations contained in Paragraph 83 of plaintiff's complaint.

84.     The defendants deny the allegations contained in Paragraph 84 of plaintiff's complaint.

85.     The defendants deny the allegations contained in Paragraph 85 of plaintiff's complaint.

86.     The defendants deny the allegations contained in Paragraph 86 of plaintiff's complaint.

87.     The defendants deny the allegations contained in Paragraph 87 of plaintiff's complaint.

88.     The defendants deny the allegations contained in Paragraph 88 of plaintiff's complaint.

89.     The defendants deny the allegations contained in Paragraph 89 of plaintiff's complaint.

90.     The defendants deny the allegations contained in Paragraph 90 of plaintiff's complaint.

91.     The defendants deny the allegations contained in Paragraph 91 of plaintiff's complaint.

92.     The defendants deny the allegations contained in Paragraph 92 of plaintiff's complaint.

93.     The defendants deny the allegations contained in Paragraph 93 of plaintiff's complaint.

94.     The defendants deny the allegations contained in Paragraph 94 of plaintiff's complaint.

95.     The defendants deny the allegations contained in Paragraph 95 of plaintiff's complaint.

96.     The defendants deny the allegations contained in Paragraph 96 of plaintiff's complaint.

97.     The defendants deny the allegations contained in Paragraph 97 of plaintiff's complaint.

98.     The defendants deny the allegations contained in Paragraph 98 of plaintiff's complaint.

## SECOUND COUNT

99.     The defendants, City of Elizabeth, Elizabeth Police Department, Chief of Police Ronald Simon, Police Director James Cosgrove and Lieutenant John Bastardo, repeat each and every answer to the allegations contained in the First Count of plaintiff's complaint.

100. The defendants deny the allegations contained in Paragraph 100 of plaintiff's complaint.

101. The defendants deny the allegations contained in Paragraph 101 of plaintiff's complaint.

102. The defendants deny the allegations contained in Paragraph 102 of plaintiff's complaint.

103. The defendants deny the allegations contained in Paragraph 103 of plaintiff's complaint.

104. The defendants deny the allegations contained in Paragraph 104 of plaintiff's complaint.

105. The defendants deny the allegations contained in Paragraph 105 of plaintiff's complaint.

106. The defendants deny the allegations contained in Paragraph 106 of plaintiff's complaint.

## **THIRD COUNT**

107. The defendants, City of Elizabeth, Elizabeth Police Department, Chief of Police Ronald Simon, Police Director James Cosgrove and Lieutenant John Bastardo, repeat each and every answer to the allegations contained in the First Count of plaintiff's complaint.

108. The defendants deny the allegations contained in Paragraph 108 of plaintiff's complaint.

109. The defendants deny the allegations contained in Paragraph 109 of plaintiff's complaint.

110.    The defendants deny the allegations contained in Paragraph 110 of plaintiff's complaint.

111.    The defendants deny the allegations contained in Paragraph 111 of plaintiff's complaint.

112.    The defendants deny the allegations contained in Paragraph 112 of plaintiff's complaint.

113.    The defendants deny the allegations contained in Paragraph 113 of plaintiff's complaint.

114.    The defendants deny the allegations contained in Paragraph 114 of plaintiff's complaint.

## FOURTH COUNT

115.    The defendants, City of Elizabeth, Elizabeth Police Department, Chief of Police Ronald Simon, Police Director James Cosgrove and Lieutenant John Bastardo, repeat each and every answer to the allegations contained in the First Count of plaintiff's complaint.

116.    The defendants deny the allegations contained in Paragraph 116 of plaintiff's complaint.

117.    The defendants deny the allegations contained in Paragraph 117 of plaintiff's complaint.

118.    The defendants deny the allegations contained in Paragraph 118 of plaintiff's complaint.

119.    The defendants deny the allegations contained in Paragraph 119 of plaintiff's complaint.

120.    The defendants deny the allegations contained in Paragraph 120 of plaintiff's complaint.

121.    The defendants deny the allegations contained in Paragraph 121 of plaintiff's complaint.

122.    The defendants deny the allegations contained in Paragraph 122 of plaintiff's complaint.

123.    The defendants deny the allegations contained in Paragraph 123 of plaintiff's complaint.

## FIFTH COUNT

124.    The defendants, City of Elizabeth, Elizabeth Police Department, Chief of Police Ronald Simon, Police Director James Cosgrove and Lieutenant John Bastardo, repeat each and every answer to the allegations contained in the First Count of plaintiff's complaint.

125.    The defendants deny the allegations contained in Paragraph 125 of plaintiff's complaint.

126.    The defendants deny the allegations contained in Paragraph 126 of plaintiff's complaint.

127.    The defendants deny the allegations contained in Paragraph 127 of plaintiff's complaint.

128.    The defendants deny the allegations contained in Paragraph 128 of plaintiff's complaint.

129.    The defendants deny the allegations contained in Paragraph 129 of plaintiff's complaint.

130.    The defendants deny the allegations contained in Paragraph 130 of plaintiff's complaint.

131.    The defendants deny the allegations contained in Paragraph 131 of plaintiff's complaint.

## SIXTH COUNT

132.    The defendants, City of Elizabeth, Elizabeth Police Department, Chief of Police Ronald Simon, Police Director James Cosgrove and Lieutenant John Bastardo, repeat each and every answer to the allegations contained in the First Count of plaintiff's complaint.

133.    The defendants deny the allegations contained in Paragraph 133 of plaintiff's complaint.

134.    The defendants deny the allegations contained in Paragraph 134 of plaintiff's complaint.

135.    The defendants deny the allegations contained in Paragraph 135 of plaintiff's complaint.

136.    The defendants deny the allegations contained in Paragraph 136 of plaintiff's complaint.

137.    The defendants deny the allegations contained in Paragraph 137 of plaintiff's complaint.

138.    The defendants deny the allegations contained in Paragraph 138 of plaintiff's complaint.

139.    The defendants deny the allegations contained in Paragraph 139 of plaintiff's complaint.

140. The defendants deny the allegations contained in Paragraph 140 of plaintiff's complaint.

## SEVENTH COUNT

141. The defendants, City of Elizabeth, Elizabeth Police Department, Chief of Police Ronald Simon, Police Director James Cosgrove and Lieutenant John Bastardo, repeat each and every answer to the allegations contained in the First Count of plaintiff's complaint.

142. The defendants deny the allegations contained in Paragraph 142 of plaintiff's complaint.

143. The defendants deny the allegations contained in Paragraph 143 of plaintiff's complaint.

144. The defendants deny the allegations contained in Paragraph 144 of plaintiff's complaint.

145. The defendants deny the allegations contained in Paragraph 145 of plaintiff's complaint.

146. The defendants deny the allegations contained in Paragraph 146 of plaintiff's complaint.

## EIGHTH COUNT

147. The defendants, City of Elizabeth, Elizabeth Police Department, Chief of Police Ronald Simon, Police Director James Cosgrove and Lieutenant John Bastardo, repeat each and every answer to the allegations contained in the First Count of plaintiff's complaint.

148. The defendants deny the allegations contained in Paragraph 148 of plaintiff's complaint.

149.     The defendants deny the allegations contained in Paragraph 149 of plaintiff's complaint.

150.     The defendants deny the allegations contained in Paragraph 150 of plaintiff's complaint.

151.     The defendants deny the allegations contained in Paragraph 151 of plaintiff's complaint.

152.     The defendants deny the allegations contained in Paragraph 152 of plaintiff's complaint.

153.     The defendants deny the allegations contained in Paragraph 153 of plaintiff's complaint.

154.     The defendants deny the allegations contained in Paragraph 154 of plaintiff's complaint.

155.     The defendants deny the allegations contained in Paragraph 155 of plaintiff's complaint.

156.     The defendants deny the allegations contained in Paragraph 156 of plaintiff's complaint.

157.     The defendants deny the allegations contained in Paragraph 157 of plaintiff's complaint.

158.     The defendants deny the allegations contained in Paragraph 158 of plaintiff's complaint.

## **NINTH COUNT**

159.    The defendants, City of Elizabeth, Elizabeth Police Department, Chief of Police Ronald Simon, Police Director James Cosgrove and Lieutenant John Bastardo, repeat each and every answer to the allegations contained in the First Count of plaintiff's complaint.

160.    The defendants deny the allegations contained in Paragraph 160 of plaintiff's complaint.

161.    The defendants deny the allegations contained in Paragraph 161 of plaintiff's complaint.

162.    The defendants deny the allegations contained in Paragraph 162 of plaintiff's complaint.

163.    The defendants deny the allegations contained in Paragraph 163 of plaintiff's complaint.

164.    The defendants deny the allegations contained in Paragraph 164 of plaintiff's complaint.

## TENTH COUNT

165.    The defendants, City of Elizabeth, Elizabeth Police Department, Chief of Police Ronald Simon, Police Director James Cosgrove and Lieutenant John Bastardo, repeat each and every answer to the allegations contained in the First Count of plaintiff's complaint.

166.    The defendants deny the allegations contained in Paragraph 166 of plaintiff's complaint.

167.    The defendants deny the allegations contained in Paragraph 167 of plaintiff's complaint.

168.    The defendants deny the allegations contained in Paragraph 168 of plaintiff's complaint.

169.     The defendants deny the allegations contained in Paragraph 169 of plaintiff's complaint.

170.     The defendants deny the allegations contained in Paragraph 170 of plaintiff's complaint.

171.     The defendants deny the allegations contained in Paragraph 171 of plaintiff's complaint.

172.     The defendants deny the allegations contained in Paragraph 172 of plaintiff's complaint.

173.     The defendants deny the allegations contained in Paragraph 173 of plaintiff's complaint.

174.     The defendants deny the allegations contained in Paragraph 174 of plaintiff's complaint.

175.     The defendants deny the allegations contained in Paragraph 175 of plaintiff's complaint.

176.     The defendants deny the allegations contained in Paragraph 176 of plaintiff's complaint.

177.     The defendants deny the allegations contained in Paragraph 177 of plaintiff's complaint.

178.     The defendants deny the allegations contained in Paragraph 178 of plaintiff's complaint.

## **ELEVENTH COUNT**

179.     The defendants, City of Elizabeth, Elizabeth Police Department, Chief of Police Ronald Simon, Police Director James Cosgrove and Lieutenant John Bastardo, repeat each and every answer to the allegations contained in the First Count of plaintiff's complaint.

180.     The defendants deny the allegations contained in Paragraph 180 of plaintiff's complaint.

181.     The defendants deny the allegations contained in Paragraph 181 of plaintiff's complaint.

182.     The defendants deny the allegations contained in Paragraph 182 of plaintiff's complaint.

183.     The defendants deny the allegations contained in Paragraph 183 of plaintiff's complaint.

184.     The defendants deny the allegations contained in Paragraph 184 of plaintiff's complaint.

185.     The defendants deny the allegations contained in Paragraph 185 of plaintiff's complaint.

186.     The defendants deny the allegations contained in Paragraph 186 of plaintiff's complaint.

187.     The defendants deny the allegations contained in Paragraph 187 of plaintiff's complaint.

188.     The defendants deny the allegations contained in Paragraph 188 of plaintiff's complaint.

189.     The defendants deny the allegations contained in Paragraph 189 of plaintiff's complaint.

190.    The defendants deny the allegations contained in Paragraph 190 of plaintiff's complaint.

191.    The defendants deny the allegations contained in Paragraph 191 of plaintiff's complaint.

## SEPARATE DEFENSES

### First Separate Defense

The affirmative pleading herein fails to state a claim upon which relief can be granted and this defendant reserves the right to move at or before the time of trial to dismiss same.

### Second Separate Defense

The plaintiff has failed to issue process within the time required by law, and this defendant is entitled to a dismissal of the action.

### Third Separate Defense

The damages of the plaintiff, if any, are as limited by the applicable laws of the State of New Jersey as respects comparative negligence.

### Fourth Separate Defense

Any and all injuries and damages that may have been sustained by the plaintiff were caused by the negligence of the plaintiff and said negligence being greater in degree than any alleged negligence of the part of this defendant. The plaintiff's complaint is barred pursuant to the provisions of the N.J Comparative Negligence Statute.

### Fifth Separate Defense

The occurrence complained of was neither intended, foreseeable nor preventable by the exercise of reasonable care.

### Sixth Separate Defense

This defendant denies that it was guilty of any negligence which was the proximate or producing cause of any injuries or damages alleged to have been sustained by the plaintiff.

### Seventh Separate Defense

Any and all injuries and damages that may have been sustained by the plaintiff were caused solely by the negligence of persons not under the control of this defendant.

### Eighth Separate Defense

Any and all injuries and damages that may have been sustained by the plaintiff were caused solely by the negligence of persons presently unknown to this defendant.

### Ninth Separate Defense

Any and all injuries and damages that may have been sustained by the plaintiff were caused by the negligence of the plaintiff.

### Tenth Separate Defense

The claims of the plaintiff are specifically barred because of the plaintiff's failure to comply with the Statute of Limitations.

### Eleventh Separate Defense

This defendant denies any breach of duty to the plaintiff.

### Twelfth Separate Defense

The plaintiff failed to comply with N.J.S.A. 59:1-1, et seq., including, but not limited to, failure to provide proper notice, and this defendant contends that any recovery is barred by virtue of the immunity provisions of N.J.S.A. 59:1-1, et seq.

### Thirteenth Separate Defense

Inasmuch as the plaintiff did not suffer any injury entitling the plaintiff to damages for pain and suffering nor did the plaintiff suffer any permanent loss of bodily function, disfigurement or dismemberment, nor did the plaintiff incur medical treatment expense in excess of $3,600.00 by reason of either or a combination of the foregoing, this defendant is immune from liability pursuant to N.J.S.A. 59:9-2.

### Fourteenth Separate Defense

The plaintiff failed to comply with the conditions precedent for making claims against this defendant by not filing the claim in the manner and within the time provided by N.J.S.A. 59:8-3, 59:8-4, 59:8-5, 59:8-6, 59:8-7 and 59:8-8 and is barred from now making claim.

### Fifteenth Separate Defense

Any recoveries to which the plaintiff might be entitled against this defendant are subject to the limitations on damages provided by N.J.S.A. 59:9-2 and any award must be reduced in accordance with the same statute.

**Sixteenth Separate Defense**

This defendant's liability, if any, must be reduced by the amount of any payment received by the plaintiff by way of settlement or judgment from any other tortfeasor by virtue of N.J.S.A. 59:9-3.

**Seventeenth Separate Defense**

This defendant is immune from liability in this action by virtue of a judgment of settlement against a public entity in a claim arising from the same subject matter by virtue of N.J.S.A. 59:9-6(a).

**Eighteenth Separate Defense**

Any action or inaction on the part of this defendant was the result of the exercise of judgment, discretion or legislative function vested in this defendant within the meaning of N.J.S.A. 59:3-2 for which no liability may be imposed.

**Nineteenth Separate Defense**

This defendant is immune from liability in this action by reason of adopting or failure to adopt a law or failure to enforce any law by virtue of N.J.S.A. 59:2-4 and/or N.J.S.A. 59:3-5.

**Twentieth Separate Defense**

This defendant is immune from liability in this action by reason of any failure to make an inspection or by reason of making an inadequate or negligent inspection of any property by virtue of N.J.S.A. 59:2-6 and/or N.J.S.A. 59:3-7.

**Twenty-First Separate Defense**

This defendant is immune from liability in this action by virtue of N.J.S.A. 59:3-3 as any actions of this defendant were in good faith in the execution or enforcement of law.

**Twenty-Second Separate Defense**

The conditions described in the pleading were not dangerous, were not the proximate cause of injuries alleged by the plaintiff, nor did the conditions create a reasonable foreseeable risk of the kind of injury which was incurred and this defendant is therefore immune from liability by virtue of N.J.S.A. 59:4-2.

**Twenty-Third Separate Defense**

This defendant had neither actual or constructive notice of the conditions described by the plaintiff within a sufficient time prior to the alleged accident so as to have taken

measures to protect against the same and is immune from liability by virtue of N.J.S.A. 59:4-2 and N.J.S.A. 59:4-3.

### Twenty-Fourth Separate Defense

The action taken to protect against the condition alleged by the plaintiff or the failure to take such action was not palpably unreasonable and this defendant is immune from liability by virtue of N.J.S.A. 59:4-2.

### Twenty-Fifth Separate Defense

This defendant is immune from liability in this action by reason of any failure to provide ordinary traffic signals, signs, markings, or other similar devices by virtue of N.J.S.A. 59:4-5.

### Twenty-Sixth Separate Defense

This defendant is immune from liability in this action by reason of any approved plan or design or public property either in its original construction or any improvement thereto by virtue of N.J.S.A. 59:4-6.

### Twenty-Seventh Separate Defense

This defendant is immune from liability in this action for injuries caused solely by the effect of weather conditions on the use of streets and highways by virtue of N.J.S.A. 59:4-7.

### Twenty-Eighth Separate Defense

This defendant denies that the accident was proximately caused by a dangerous condition of public property.

### Twenty-Ninth Separate Defense

This defendant denies having had notice, either actual or constructive, of a dangerous condition of public property prior to the accident.

### Thirtieth Separate Defense

This defendant denies that the accident occurred on public property owned or controlled by it.

### Thirty-First Separate Defense

This defendant has absolute and/or Qualified Immunity as to the conduct alleged.

## CROSSCLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION

1.      Defendant, City of Elizabeth, Elizabeth Police Department, Chief of Police Ronald Simon, Police Director James Cosgrove and Lieutenant John Bastardo, while denying any and all negligence, breach of warranty, and/or strict liability in tort, nevertheless demands contribution under the Joint Tortfeasor's Contribution Act, N.J.S.A. 2A:53-1, et seq. in the amount of any judgment entered against it in favor of the plaintiff, against the co-defendant, James Dean McDermott.

2.      Defendant, City of Elizabeth, Elizabeth Police Department, Chief of Police Ronald Simon, Police Director James Cosgrove and Lieutenant John Bastardo, denies all liability to the plaintiff and reasserts its answer to the plaintiff's Complaint and asserts that if in the event it is found liable to the plaintiff in any respect, it is entitled to indemnification from the co-defendant, James Dean MsDermott.

JURY DEMAND

Defendant demands a jury trial on all issues.

CERTIFICATION

I certify that the foregoing statements made by me are true to the best of my knowledge.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

TRIAL DESIGNATION

Pursuant to R. 4:25-4, the firm of La Corte, Bundy, Varady & Kinsella, counsel for defendants, City of Elizabeth, Elizabeth Police Department, Chief of Police Ronald Simon, Police Director James Cosgrove and Lieutenant John Bastardo, hereby designates Robert F. Varady, Esq. as trial counsel for the within matter.

CERTIFICATION PURSUANT TO R.4:5-1

Pursuant to R. 4:5-1, I hereby certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that at this time no other parties should be joined in this action.

LACORTE, BUNDY, VARADY & KINSELLA

s/ Robert F. Varady
Robert F. Varady, Esq.

Dated: April 22, 2011

%JS 44  (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Mohammad R. Rahami, Mohammad K. Rahami, Jr., Mohammad Q. Rahami.

**DEFENDANTS**

City of Elizabeth, Elizabeth Police Department, Chief of Police Ronald Simon, Police Director James Cosgrove and ⊞

**(b)** County of Residence of First Listed Plaintiff ___Union___

County of Residence of First Listed Defendant ___Union___

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Shelley Stangler, Esq.
155 Morris Avenue
Springfield, NJ 07081
973-379-2500

Attorneys (If Known)

Robert F. Varady, Esq.
LaCorte, Bundy, Varady & Kinsella ⊞

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)

(See instructions):

JUDGE

DOCKET NUMBER

Explanation:

DATE  04-26-11

SIGNATURE OF ATTORNEY OF RECORD  s/Robert F. Varady

JS 44 Reverse (Rev. 12/07, NJ 1/08)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.   **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.   **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature.** Date and sign the civil cover sheet.