LACORTE, BUNDY, VARADY & KINSELLA  
989 BONNEL COURT  
UNION, NEW JERSEY 07083  
(908) 810-0500  
ATTORNEY FOR DEFENDANTS, City of Elizabeth, Elizabeth Police Department, Chief of Police Ronald Simon, Police Director James Cosgrove and Lieutenant John Bastardo

UNITED STATES DISTRICT COURT  
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMMAD R. RAHAMI, MOHAMMAD K. RAHAMI, JR., MOHAMMAD Q. RAHAMI,<br><br>Plaintiffs<br><br>v<br><br>THE CITY OF ELIZABETH, THE ELIZABETH POLICE DEPARTMENT, OFFICER J. CORREIA, OFFICER L. BOONE, OFFICER JOSEPH WASSELL, OFFICER HECTOR CABO, DETECTIVE V. TROPEANO, SERGEANT BURNS, LIEUTENANT JOHN BASTARDO, CHIEF OF POLICE RONAL SIMON, POLICE DIRECTOR JAMES COSGROVE, JAMES DEAN MCDERMOTT, JOHN DOES 1-5 and ABC ENTITIES 1-5 (fictitious names representing as yet unidentified persons, business or governmental entities or agencies, subdivisions or agents of governmental entities),<br><br>Defendants. | Civil Action No.: 2:11-cv-01953-DMC-JAD<br><br>CIVIL ACTION |

---

**BRIEF ON BEHALF OF DEFENDANTS CITY OF ELIZABETH, ELIZABETH POLICE DEPARTMENT, CHIEF OF POLICE RONALD SIMON, POLICE DIRECTOR JAMES COSGROVE AND LIEUTENANT JOHN BASTARDO**

---

LaCorte, Bundy, Varady & Kinsella  
989 Bonnel Court  
Union, New Jersey 07083  
(908) 810-0500

Robert F. Varady, Esq.  
Of Counsel on the Brief

TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................... ii

TABLE OF EXHIBITS......................................... iii

STATEMENT OF MATERIAL FACTS AND PROCEEDURAL HISTORY....... 1

LEGAL ARGUMENTS

    I.    PLAINTIFF'S COMPLAINT SHOULD BE STAYED AND ADMINISTRATIVELY TERMINATED PENDING THE DISPOSITION OF PLAINTIFF'S APPEAL OF THE CRIMINAL MATTERS...................... 3

    II.    PLAINTIFF'S COMPLAINT SHOULD BE STAYED AS TO THE CITY OF ELIZABETH AND THE ELIZABETH POLICE DEPARTMENT IN THAT IF THERE IS NO UNDERLYING CONSTITUTIONAL VIOLATION PLAINTIFF'S MONELL CLAIM MUST FAIL........................................ 7

    III.    AS A MATTER OF LAW THE CITY OF ELIZABETH POLICE DEPARTMENT IS NOT A "PERSON" WITHIN THE MEANING OF 42 U.S.C. 1983 AND PLAINTIFF'S CLAIMS AGAINST IT SHOULD BE DISMISSED.................................. 8

CONCLUSION................................................ 9

## TABLE OF AUTHORITIES

|  | PAGE |
|---|---|
| Carter v. Matos, NOP. 09-5530, 2010 U.S. Dist. Lexis 82598, (D.N.J. August 10, 2010) | 9 |
| City of Los Angeles v. Heller, 475 U.S. 796, 798-99, 106 S. Ct. 1571, 89 L. Ed. 2nd 806 (1986) | 8 |
| City of Oklahoma v. Tuttle, 471 U.S. 808 (1985) | 7 |
| Delgrosso v. Spang & Co., 903 F. 2nd 234, 236 (3rd Cir. 1990) | 6 |
| Gibson v. Superintendent of New Jersey, Department of Law and Public Safety, 411 F. 3rd 427, 451-52 (3rd Cir. 2005) | 5 |
| Gilles v. Davis, 427 F. 3rd 197, 110 (3rd Cir. 2005) | 3 |
| Halpern v. City of Santa Cruz, 178 F. App'x 683, 685-86 (9th Cir. 2006) | 8 |
| Heck v. Humphrey, 512 U.S. 477 (1994) | 3,4,5,7,8 |
| Hohsfield v. Twp. of Manchester, Noop, 09-5377, 2010 U.S. Dist. Lexis 96230, (D.N.J. September 14, 2010) | 8 |
| Huang v. Johnson, 251 F. 3rd 65, 73 (Second Circuit 2001) (quoting Heck, 512 U.S. at 484) | 4 |
| Merkle v. Upper Dublin School District, 211 F. 3rd 782, 791 (3rd Cir. 2000) | 7 |
| Monell v. New York City Department of Social Services, 436 U.S. 658 (1978) | 7,8,9 |
| PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 825-26 (D.N.J. 1993) | 9 |
| Petaway v. City of New Haven Police Department, 541 F. Supp. 2d. 504, 510 (D. Conn. 2008) | 9 |
| Pittsley v. Warish, 927 F. 2nd 3, 9 (1st Cir. 1991) | 8 |
| Wallis v. Kato, 549 U.S. 384, 393-94 (2007) | 6 |
| Wilkinson v. Dodtson, 544 U.S. 74 (2005) | 4 |

**OTHER**

| | |
|---|---|
| Section 1983 | 3,4,5,6,8,9 |

## TABLE OF EXHIBITS

|  | EXHIBIT |
|---|---|
| Municipal Court Transcript | A |
| July 15, 2011 Municipal Appeal Hearing Transcript | B |
| Judge Donohue's 8/19/11 Order | C |
| Superior Court Appellate Division, Notice of Appeal | D |

## STATEMENT OF MATERIAL FACTS AND PROCEDURAL HISTORY

1. Plaintiff filed a complaint against the City of Elizabeth, the Police Director, Police Chief and certain individual Elizabeth Police Department Officers. (Docket entry #1)

2. Plaintiff alleges from July 2008 up until the filing of the complaint plaintiffs were subject to citations and summonses for violation of an ordinance imposing a closing time on certain types of businesses. (Docket entry #1 ¶ 19)

3. Plaintiffs further allege in the complaint that individual police officers selectively enforced said ordinance, wrongfully arrested plaintiffs and maliciously prosecuted the plaintiffs. (Docket entry #1, ¶'s 27, 30, 65, 66)

4. On February 15, 2011, plaintiff Rahami plead guilty to a charge of preventing a law enforcement officer from effectuating a lawful arrest and also a charge under City Ordinance 5.17.020 Improper Hours of Operation for Take-Out. (Exhibit A, Municipal Court Transcript at 8:18-23)

5. Plaintiff agreed at the Municipal Court Hearing that his guilty pleas to the criminal matters would not be appealable. (Exhibit A, Municipal Court Transcript at 9:18-25 and 10:1-8)

6. Plaintiff admitted that he prevented the police officers from doing their duties in violation of N.J.S. 2c:29-1. (Exhibit A, Municipal Court Transcript at 11:21-25 and 12:1-2)

7. Plaintiff plead guilty to violating the ordinance for purposes of a conditional plea and would be allowed to appeal to challenge

1

the constitutionality of the ordinance. (Exhibit A, Municipal Court Transcript at 15:1-6)

8. All other charges were dismissed with plaintiff's counsel agreeing there was probable cause for the arrest and charges. (Exhibit A, Municipal Court Transcript at 15:12-25 and 16:1-10)

9. Plaintiff appealed the constitutionality of the ordinance to the Superior Court of New Jersey, Law Division, Criminal Part. The appeal was docketed as Municipal Appeal 5997.

10. On July 15, 2011, plaintiff's counsel and the Municipal Prosecutor appeared before the Honorable Joseph P. Donohue, P.J.S.C. on Municipal Appeal No. 5997. (A copy of the transcript for this hearing is attached hereto as Exhibit B)

11. Judge Donohue indicated his intention to dismiss the appeal for lack of prosecution. (Exhibit B at 3:13-3:22)

12. Plaintiff's attorney requested an adjournment stating he wished to argue that the Ordinance was unconstitutionally vague on its fact and that the Ordinance was applied to his client ex post facto. (See Exhibit B at 5:10-10:1 and 10:4-11:11)

13. On August 19, 2011, Judge Donahue dismissed plaintiff's appeal both substantively on the merits and for failure to prosecute. (See Exhibit C, copy of Judge Donohue's 8/19/11 Order)

14. On September 28, 2011, plaintiff filed a Notice of Appeal of Judge Donohue's decision with the Superior Court-Appellate Division. Currently, this matter, which has an Appellate Division Docket of A-0472-11T4. (See Exhibit D, Superior Court Appellate Division, Notice of Appeal)

15. On February 2, 2012, Magistrate Judge Joseph A. Dickson entered a TEXT ORDER allowing defendant to file a motion for stay/administrative dismissal. (Docket entry 31)

## LEGAL ARGUMENT

### POINT I

**PLAINTIFF'S COMPLAINT SHOULD BE STAYED AND ADMINISTRATIVELY TERMINATED PENDING THE DISPOSITION OF PLAINTIFF'S APPEAL OF THE CRIMINAL MATTERS.**

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that the plaintiff may not recover on a Section 1983 claim that would be inconsistent with his conviction on a criminal charge. Id. at 486-487. Thus any Section 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings. Gilles v. Davis, 427 F. 3rd 197, 110 (3rd Cir. 2005). The case law is also clear that a guilty plea is not a "favorable determination" and bars the Section 1983 claim under Heck. In plaintiff's complaint they alleged that they were wrongfully arrested and maliciously prosecuted for violating the Ordinance. They further claim that the Ordinance in issue is unconstitutional. (See, Docket entry Cmpl, ¶'s 27, 30, 65 and 66) Notwithstanding the allegations in the complaint the plaintiff Rahami plead guilty to N.J.S. 2c:29-1 Obstructing the Administration of Law or Another Governmental Function. (See, Exhibit A at 8:18-23) That statute reads:

> A person commits an offense if he purposely obstructs, impairs or perverts the administration of law... or prevents or attempts to prevent a public servant from lawfully

3

> performing an official function by
> means of flight, intimidation, force,
> violence or physical interference or
> obstacle or by any other means of an
> unlawful act.

In Heck, the Supreme Court announced that "In order to recover damages for an allegedly unconstitutional conviction...or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" the plaintiff must, as a threshold matter, show that there has been a "favorable termination" of his prior proceedings by demonstrating that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a Federal Court's issuance of a writ of habeas corpus. F 12 U.S. at 486-87.

As the U.S. Court of Appeals for the Second Circuit has explained, the Supreme Court's rational in Heck "was based, in part, on a desire to avoid parallel litigation over the issues of probable cause and guilt, 'prevent,' the creation of two conflicting resolutions arising out of the same or identical transaction, 'and preclude a convicted criminal defendant' [from making a]...collateral attack on the conviction through the vehicle of a civil suit." Huang v. Johnson, 251 F. 3rd 65, 73 (Second Circuit 2001) (quoting Heck, 512 U.S. at 484). As the Supreme Court further elaborated in Wilkinson v. Dodtson, 544 U.S. 74 (2005) a Section 1983 claim...is barred, regardless of the target of the lawsuit if it would invalidate the conviction.

4

At the present time plaintiff's counsel has represented to the Court that she is appealing to the Superior Court Appellate Division the decision of Superior Court Judge Donohue as to the constitutionality of the Ordinance in issue. Judge Donohue has ruled that the Ordinance is constitutional and if the Appellate Division agrees with that opinion plaintiff's claim must fail.

Furthermore, as recited in the Statement of Facts and Procedural History the plaintiff plead guilty to certain criminal charges which nullify any claim by the plaintiff that there was a wrongful arrest, detention or malicious prosecution. Additionally as stated in the Statement of Material Facts, the plaintiff stipulation to probable cause as to those charges that were dismissed. Thus, all those claims must be barred by Heck v. Humphrey.

The Court is confronted with here is a situation where if plaintiff was allowed to go forward with the Section 1983 action at this point it would have the hypothetical affect of rendering the criminal conviction, the finding of probable cause on the charges dismissed and the sentencing of plaintiff invalid. If the judgment for plaintiff on such a claim would necessarily imply the invalidity of the conviction than the claim would be barred until the conviction is overturned, Gibson v. Superintendent of New Jersey, Department of Law and Public Safety, 411 F. 3rd 427, 451-52 (3rd Cir. 2005).

This Court must be concerned with the fact that if the plaintiff was successful on the federal claims now before it an eventual affirmance of the appeal in the Superior Court action could be rendered invalid. It appears that when a plaintiff brings a Section

5

1983 claim before [being convicted] (or filed another claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the District Court, and in accord with common practice to stay the civil action until the criminal case or the likelihood of a criminal case has ended. Wallis v. Kato, 549 U.S. 384, 393-94 (2007).

Here the defendants seek for judicial economy and efficiency to stay the within action. An order administratively terminating a federal action is not the equivalent of a dismissal of a complaint with prejudice and is issued pursuant to the Court's inherent power to control the docket in the interest of judicial economy, See, Delgrosso v. Spang & Co., 903 F. 2nd 234, 236 (3rd Cir. 1990) (stating administrative termination is not a filed determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the merits"). Here the plaintiffs should not be allowed to litigate their claim piecemeal. Plaintiffs have not prevailed at the Municipal Court level nor in their initial appeal to the Superior Court Criminal Division. There is now pending an appeal before the Appellate Division of the Superior Court in New Jersey. If plaintiff is not successful in that appeal it is the position of the defendants that the malicious prosecution, selective enforcement, wrongful arrest and detention claims are all barred under Heck. Furthermore, those individual defendant officers who were involved in the arrest and prosecution of plaintiff would be dismissed from the case.

## POINT II

### PLAINTIFF'S COMPLAINT SHOULD BE STAYED AS TO THE CITY OF ELIZABETH AND THE ELIZABETH POLICE DEPARTMENT IN THAT IF THERE IS NO UNDERLYING CONSTITUTIONAL VIOLATION PLAINTIFF'S MONELL CLAIM MUST FAIL.

In plaintiff's complaint they have alleged a Monell claim against the City stating that the City engaged in practices and customs which promoted unconstitutional activity. They also claim failure to train and supervise employees results in the constitutional violation of the plaintiff's rights.

In order to prove their claim against the City of Elizabeth and its police department the plaintiff must show official policy of inadequate hiring, training, control, discipline or investigation attributable to those defendants, or that a causal connection exists between their policy and the plaintiff's alleged constitutional deprivation. Monell v. New York City Department of Social Services, 436 U.S. 658 (1978); City of Oklahoma v. Tuttle, 471 U.S. 808 (1985).

Monell teaches that there is no *respondeat superior* liability under Section 1983, and that municipal liability can only attach "when the execution of a government's policy or custom whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy that inflicts the injury." Monell, Supra. 694; Merkle v. Upper Dublin School District, 211 F. 3rd 782, 791 (3rd Cir. 2000).

It is the logical extension of Monell and its progeny that as a result of a trial court's dismissal of underlying constitutional claims against the police officers pursuant to Heck, plaintiff's

7

Monell claims must fail. See, Pittsley v. Warish, 927 F. 2nd 3, 9 (1st Cir. 1991) ("in order to have a viable Section 1983 claim against the municipality, a state actor must first commit an underlying violation.") Halpern v. City of Santa Cruz, 178 F. App'x 683, 685-86 (9th Cir. 2006) (relying on City of Los Angeles v. Heller, 475 U.S. 796, 798-99, 106 S. Ct. 1571, 89 L. Ed. 2nd 806 (1986), in finding that a constitutional violation by defendant officers is a pre-requisite to a claim pursuant to Monell).

Accordingly, since in this case the plaintiff has pleaded guilty to criminal charges thus those claims are barred under the Heck doctrine, the municipality cannot be liable for the Monell claim raised by the plaintiffs. Furthermore, since the Ordinance in issue has been deemed constitutional that claim must also be stayed until such time as a final adjudication is made in the Superior Court Appellate Division.

<u>Point III</u>

<u>AS A MATTER OF LAW THE CITY OF ELIZABETH POLICE DEPARTMENT IS NOT A "PERSON" WITHIN THE MEANING OF 42 U.S.C. 1983 AND PLAINTIFF'S CLAIMS AGAINST IT SHOULD BE DISMISSED.</u>

While principles of sovereign immunity dictate that neither a state nor its officials acting in their official capacities are "persons" subject to suit for monetary damages under Section 1983, a municipality may, under certain circumstances be subject to suit under Monell. However, local police departments may not be sued under the rules set out in Monell. Hohsfield v. Twp. of Manchester, Noop, 09-5377, 2010 U.S. Dist. Lexis 96230, (D.N.J. September 14, 2010) ("a

police department is not a "person" that may be found liable under § 1983 pursuant to Monell."); Petaway v. City of New Haven Police Department, 541 F. Supp. 2d. 504, 510 (D. Conn. 2008). This is because, unlike local municipalities, local police departments are not independent legal entities. Rather, they are "a subunit, agency or instrumentality of the municipality through which the municipality fulfills its police function." PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 825-26 (D.N.J. 1993). As such, they are not subject to suit as "persons" under § 1983. Carter v. Matos, NOP. 09-5530, 2010 U.S. Dist. Lexis 82598, (D.N.J. August 10, 2010).

Applying these principles, defendant respectfully submits that plaintiff's Complaint against the police department must be dismissed. The City of Elizabeth Police Department is not a "person" subject to suit under Section 1983 and, as a matter of law, Monell is inapplicable to plaintiff's claims.

## CONCLUSION

In that the plaintiffs have unsuccessfully adjudicated the issues raised in the federal complaint in the state courts they are currently subject to an appeal the federal court action should be stayed and administratively terminated subject to allowing to be re-open for good cause shown pending the disposition of the related criminal matters in the New Jersey Superior Court.

9