```
                    UNION COUNTY NEW JERSEY

                         MUNICIPAL COURT


STATE OF NEW JERSEY,      .   Docket No.: G-046803
                          .
        Plaintiff,        .   Elizabeth, New Jersey
                          .   February 15, 2011
        v.                .   Elizabeth Court 2:38 P.M. Room 3
                          .
MOHAMMED ROHAMI           .
                          .
        Defendant.        .
. . . . . . . . . . . . . .


                      TRANSCRIPT OF HEARING
               BEFORE THE HONORABLE RICHARD OBUCH


APPEARANCES:

For the Plaintiff:        MS. NORMA MURGADO, ESQ.
                          One Police Plaza
                          Elizabeth, New Jersey 07201
                          (908)558-6800

For the Defendant:        MR. MICHAEL R. SPECK, ESQ.
                          Garces & Grabler
                          8 Throckmorton Street
                          Freehold, New Jersey 07728
                          (732)414-5000




Transcription Service:    Brittany Transcription
                          60 Washington Street
                          Morristown, New Jersey 07960
                          (973) 285-9690
```



EXHIBIT A

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

INDEX

|  | Direct | Cross | Re-Direct | Re-Cross | Further Redirect |
|---|---|---|---|---|---|
| **WITNESSES FOR DEFENDANT:** | | | | | |
| Mohammad K. Rohami | 12 | | | | |

| EXHIBITS: | Marked | Received |
|---|---|---|
| **Defendant's:** | | |
| D-3 Commercial lease | | 4 |
| D-4 Ordinance dated June 25, 2003 | | 4 |
| D-5 Ordinance | | 4 |

```
 1            ELIZABETH, NEW JERSEY, FEBRUARY 15, 2011 2:38 P.M.
 2            THE COURT: Ready?  Okay.  This is the matter of
 3   Mohammed Rohami, Docket No. S-2009-2559.  And also -- that's
 4   Mohammed K. Rohami, and also Mohammad R. Rohami G-031844.
 5   Counsel's appearance, please?
 6            MR. SPECK:  Your Honor, Michael R. Speck, S-p-e-c-k,
 7   for both defendants.
 8            THE COURT:  Okay.
 9            MS. MURGADO:  Norma N. Murgado, appearing on behalf
10   of the State.
11            THE COURT:  I understand you have a resolution in
12   this matter?
13            MS. MURGADO:  That's correct, Your Honor.
14            MR. SPECK:  That's correct, Judge.  I did have some
15   motion -- two motions and I wanted to just protect the record
16   because we're going to be taking an additional plea on just the
17   ordinance violation.
18            THE COURT:  Okay.
19            MR. SPECK:  If I could have --
20            THE COURT:  Okay, just for my own edification and for
21   the records, my understanding is that those -- the conditional
22   plea will be based upon constitutional grounds; am I correct on
23   that?
24            MR. SPECK:  That's correct, Judge.
25            THE COURT:  All right, go ahead.
```

1           MR. SPECK:  Judge if I could have three documents
2   marked -- we've marked some documents previously, so I think
3   we're up to D-3, 4 and 5.  This would be the original commercial
4   lease and it's two-sided.
5           THE COURT:  Any objection these coming into evidence?
6           MS. MURGADO:  No, Your Honor.
7           THE COURT:  All right, D-3 in evidence.
8           MR. SPECK:  And this may have been marked before,
9   Judge, but this is a better copy, it's the actual ordinance that
10  we're talking about, and the reason it's important is because on
11  the side of the ordinance is the date that it was effective,
12  June 25, 2003.
13          THE COURT:  Okay.  Number four.
14          MR. SPECK:  This is the ordinance that the D-4
15  replaced.
16          THE COURT: Okay.  D-5 in evidence.  Okay.
17          MR. SPECK:  Judge, just to very briefly indicate that
18  there is basically a Constitutional perspective an ex post facto
19  and my argument would be relatively simple:  The restaurant
20  existed when there was an ordinance that indicated that you
21  couldn't be open after a certain period of time, only if you
22  served alcohol, or didn't serve alcohol.  It was differentiated
23  on D, I think it was 5, based on alcohol.
24          The law on June 23rd, which was after the lease that
25  was marked as D-3, they came along and they changed June 23rd of

```
 1   19 -- I'm sorry, when was that, Judge?
 2              THE COURT:  June 23rd --
 3              MR. SPECK:  2003, Judge.
 4              THE COURT:  Right.
 5              MR. SPECK:  They came along and they changed the
 6   ordinance, and that's the actual ordinance that they've been
 7   charged under.  My argument would be relatively simple:  That
 8   the business is exempted from the second ordinance because they
 9   were given their ability to go into business under the original
10   ordinance, I think in zoning law you actually call it
11   "grandfathered."
12              THE COURT:  Um-hum.
13              MR. SPECK:  But in constitutional law we call it ex
14   post facto.  And so my argument would be that the charges would
15   be dismissed solely on (indiscernible).
16              The second argument would be the statute the State is
17   relying upon is on its face is vague.  I'm not going to belabor
18   all of the case law (indiscernible) because we're going to argue
19   that (indiscernible) because we aren't going to be going.  But
20   basically, it's on its face it's vague as opposed to in
21   actuality it's vague; that it's incapable of having a specific
22   interpretation on any given occasion.
23              I understand that I'm going to be offering a factual
24   basis, Judge, but I don't believe that it adequately advises
25   perspective defendants of what a violation of the law entails.
```

1  They may understand that, but at the time you wouldn't
2  understand.
3          THE COURT: Okay.
4          Now, as you are aware, as a Municipal Court judge,
5  it's frowned upon me to comment on issues of constitutionality.
6  But, you've preserved your argument for the record, and as to
7  the violation of the city ordinance, you know, we'll take this
8  as a conditional plea.
9          All right. And you can take it up to the Superior
10 Court, the Appellate Division of the Supreme Court, whoever will
11 hear it at that point.
12         I mean, you know, it's an unfortunately, since I'm a
13 Municipal Court judge, like I said, I'm kind of precluded from
14 doing that because I can't really comment on the
15 constitutionality issue, but it is preserved for the record.
16         MR. SPECK: And Judge, if you just, because I want to
17 lay out everything that the prosecutor and I talked about,
18 because of the effect that this has on the business, and because
19 of everything that's gone on in this case, I had asked if the
20 prosecutor was going to attempt to enforce this statute until I
21 had a ruling from a higher court. And the prosecutor had
22 indicated to me, absent, you know, the normal disorderly conduct
23 that can occur out at a late night establishment, that they're
24 not going to enforce this particular ordinance until we get an
25 answer from a higher court.

```
 1                THE COURT:  Okay.
 2                MS. MURGADO:  That's correct, yes.
 3                THE COURT:  Okay.  All right.  Well, let's take the
 4    easier one first.  Let's take the plea as to the criminal
 5    matters.  Okay.  My understanding is that there's going to be a
 6    plea of guilty to the second count under 2C33-2(a)1, and the
 7    first count is going to be dismissed?
 8                MS. MURGADO:  No, it's the opposite.
 9                MR. SPECK:  It's the other way around, Judge.
10                THE COURT:  Okay.  So it's going to be the
11    "preventing law enforcement officer from effectuating a lawful
12    arrest."
13                MS. MURGADO:  Correct.
14                MR. SPECK:  Correct, Judge.
15                THE COURT:  And then the disorderly conduct statute
16    is going to be dismissed?
17                MR. SPECK:  Correct.
18                THE COURT:  Is that correct?  All right.  Now, as to
19    the city ordinance it's my understanding that he's going to
20    plead guilty to one of them, if I'm not mistaken?
21                MS. MURGADO:  On the same date, Judge, the June 16th
22    date --
23                THE COURT:  June 15th.
24                MS. MURGADO:  Fifteenth, sorry, that's what I meant.
25                THE COURT:  Okay.  And the other matters are going to
```

1  be dismissed -- merged -- or dismissed against him; am I correct
2  on that?
3              MS. MURGADO:  Correct.
4              THE COURT:  All right.  And the one against his
5  father for June 15, 2009, what are we doing with that one?
6              MS. MURGADO:  That's going to be dismissed as well,
7  Judge.
8              THE COURT:  Okay.  I want to make sure that I'm clear
9  on this:  You sir, are Mohammad R. Rohami; am I correct?
10             MR. ROHAMI:  No, I'm Mohammad K.
11             THE COURT:  Mohammad K. Rohami?
12             MR. ROHAMI:  Yes.
13             THE COURT:  That's what I said.  Okay.  Mohammad K.
14 Rohami, all right.  So that way I know exactly which one.  All
15 right.  Let's get started.  Mr. Rohami, please raise your right
16 hand.
17             DEFENDANT'S WITNESS, MOHAMMAD K. ROHAMI, SWORN
18             THE COURT:  It's my understanding you're going to be
19 pleading guilty to a charge of preventing a law enforcement
20 officer from effectuating a lawful arrest and also a charge
21 under city Ordinance 5.71.020, Improper Hours of Operation for
22 Take-Out; am I correct?
23             THE WITNESS:  Yes.
24             THE COURT:  Has anybody forced you to plead guilty to
25 these charges?

1  THE WITNESS: No.

2  THE COURT: Has anybody made a promise or a threat
3  (indiscernible) to plead guilty?

4  THE WITNESS: No.

5  THE COURT: Are you pleading guilty freely and
6  voluntarily?

7  THE WITNESS: Yes.

8  THE COURT: And your attorney is standing next to
9  you, Mr. Speck, he's been your attorney pretty much throughout
10 this entire proceeding, correct?

11 THE WITNESS: Yes.

12 THE COURT: And he's answered all of your questions
13 to your satisfaction; am I correct on that also?

14 THE WITNESS: Yes.

15 THE COURT: And you're satisfied with his services
16 also; am I correct on that, too?

17 THE WITNESS: Yes.

18 THE COURT: By pleading guilty today you're waiving
19 your right to a trial. At trial the state would have to prove
20 you guilty beyond a reasonable doubt. They would do so by
21 producing witnesses which they've been doing, you know, for the
22 past few times we've been here. You could produce your own
23 witnesses, you could testify or not testify. If you didn't
24 testify that fact will not be held against you. At the
25 conclusion of the trial, if I found you guilty, I'm not talking

1   about the city ordinance because that's a conditional plea, so
2   you're still going to take that up, I'm talking about the
3   criminal matter, if I found you guilty on that you would then
4   have the right to appeal my decision to Superior Court. You're
5   going to be able to do that on the city ordinance, but you're
6   not going to be able to do that on the criminal matter; you
7   understand?
8           THE WITNESS: Yes.
9           THE COURT: All right. Counsel, I'm going to let you
10  take a -- well, I'm going to take a factual for the criminal,
11  but I'm going to let you take the factual. Do you want to do
12  the factual on both?
13          MR. SPECK: Yeah, Judge, I just -- I want to just
14  because this gentleman has some immigration issues, and I just
15  want to be very clear on a couple of things, Judge.
16          THE COURT: Okay.
17          MR. SPECK: One, the statute for disorderly persons
18  offense does not define -- it specifically defines disorderly
19  persons offense as a non-criminal violation, and that's
20  important for immigration purposes. And I understand, Your
21  Honor, says criminal, but you actually look at the disorderly
22  persons statute it says, "this is not a crime." And I say that
23  for purposes, I'm probably going to have to order this
24  transcript for his immigration issue.
25          I did -- I just want Mr. Rohami, I did indicate to

1  you that I am by no means an expert on immigration law; did I
2  not?
3          THE WITNESS:  Yes.
4          MR. SPECK:  I did further indicate to you that I do
5  not believe that a plea to a disorderly persons offense, which I
6  understand under our statutory scheme to be a non-criminal
7  offense, will absolutely preclude you from becoming a citizen.
8  Correct?
9          THE WITNESS:  Yes.
10         MR. SPECK:  But you understand that I'm by no means
11 an expert.  So my word may not mean anything to the immigration
12 officials; do you understand that?
13         THE WITNESS:  Yes.
14         MR. SPECK:  Okay.  Knowing all that, do you still
15 want to enter a plea of guilty?
16         THE WITNESS:  Yes.
17         MR. SPECK:  Okay.  I mean, I don't know what else I
18 can say regarding that, Judge, because I do not do immigration
19 law.  I can only go based on what my understanding is.
20         THE COURT:  Okay.
21         All right.  Mr. Rohami, as to the first count on the
22 criminal summons, okay, do you admit that on the date in
23 question you did prevent, or attempt to prevent the public
24 servers from lawfully performing an official function by means
25 or interference, or an obstacle, by preventing the officer

```
 1   performing his duty in violation of 2C:29-1?  Do you admit that?
 2              THE WITNESS:  Yes.
 3              THE COURT:  I looked over his history, it looks like
 4   you are clean.  Okay?  The first offense.  So, it's going to be
 5   a plea of guilty.  Going to be a $100 fine, $33 in court costs,
 6   $50 violent crime, $75 safe neighborhood fund.  No jail term, no
 7   probationary term.
 8              MR. SPECK:  Thank you, Judge.
 9              THE COURT:  I just want to make sure I put down --
10   okay.
11              The second count is dismissed pursuant to a plea.
12              (indiscernible) for this count.  Now, do you further
13   admit that on 6/15/2009 -- actually, no, I want you to give the
14   factual because we discussed that in chambers.
15              MR. SPECK:  No problem.
16              THE COURT:  Go ahead.
17                          CROSS-EXAMINATION
18   BY MR. SPECK:
19   Q    Mr. Rohami, on June 15, 2009, were you actually in control
20   of a restaurant in the -- within the borough limits of
21   Elizabeth?
22   A    Yes.
23   Q    What was the name of that restaurant?
24   A    First American Fried Chicken.
25   Q    Just slow down.
```

```
1    A    First American Fried Chicken.
2    Q    A bit slower because they're going to want to take this
3    down.
4    A    All right.
5    Q    Okay?  At some point somebody's going to type this out.
6    And what is the address of that restaurant?
7    A    104 Elmora Avenue, Elizabeth, New Jersey.
8    Q    Okay.  And on June 15, 2009, isn't it true that the
9    restaurant did stay open past 10:00 that night?
10   A    Well, my doors are closed, but --
11   Q    Were there patrons coming in and out of the restaurant?
12   A    At that time, no.
13            THE COURT:  Ready to try the case, Counsel?  On all
14   counts?
15            MR. SPECK:  Can I talk to him, Judge?
16            THE COURT:  You have five minutes.  Stop wasting my
17   time.
18            Go off record.
19            (Off the record).
20            THE COURT:  Are we on record?  Okay.  Go ahead.
21   Q    Mr. Rohami, I just want to make sure that we're clear.  I'm
22   talking about when I make the factual bases, what we call the
23   factual basis, when you plea to the ordinance, it's on the same
24   day that you were arrested; do you understand that?
25   A    Yes.
```

1  Q    There may have been other days that you were charged with
2  where you contest whether or not you were open past 10:00.  Did
3  we have a discussion regarding that?
4  A    Yes.
5  Q    But I'm talking about just the day you were arrested for
6  the other charges; isn't it true that the restaurant was open
7  past 10:00?
8  A    Yes.
9  Q    Okay.  And isn't it true during the time that you were
10 open, probably before the police officers attempted to give you
11 an ordinance violation in the first place, that the restaurant
12 served more than six percent of take out business?
13 A    Yes.
14 Q    Okay.  And I understand that we've had lots of discussions
15 about the (indiscernible) or applicability of this ordinance to
16 your particular restaurant, and those are arguments that are
17 going to be made to a higher court; do you understand that?
18 A    Yes.
19 Q    All right.  But for purposes of this plea you will
20 acknowledge on that particular night you were open past 10:00
21 p.m., and that your restaurant had at least six percent take-out
22 business?
23 A    Yes.
24 Q    And you understand that the ordinance requires you to have
25 less than five percent take-out business?

```
 1   A    Yes.
 2   Q    I think I --
 3             THE COURT:  I think you did.  All right.  And you're
 4   pleading guilty to the ordinance on 6/15/2009, for purposes of
 5   conditional plea as to constitutionality; am I correct on that?
 6             THE WITNESS:  Yes, Your Honor.
 7             THE COURT:  All right.  The plea of guilty is hereby
 8   entered as to this matter.  And that will be a $200 fine, $33 in
 9   court costs.  I think that's the minimum mandatory if I'm not
10   mistaken.
11             MS. MURGADO:  It is.
12             THE COURT:  All right.  Now, as to the remaining
13   outstanding summonses, including the ones with Mr. R. Rohami, my
14   understanding is those are dismissed based upon the plea; am I
15   correct on that?
16             MS. MURGADO:  Yes.
17             MR. SPECK:  Through the theory of merger, Judge.
18             MS. MURGADO:  Yes, that's correct.
19             THE COURT:  Is it a merger?
20             MR. SPECK:  Yes, Judge.
21             THE COURT:  Well, here's the thing:  If it's a merger
22   they're a guilty but merged.
23             MR. SPECK:  Well, I don't think --
24             THE COURT:  Yes, you do.
25             MR. SPECK:  Okay.  I'm sorry, Judge.
```

```
 1            THE COURT:  Okay.  So it's either dismissal based
 2   upon a plea --
 3            MR. SPECK:  I'll stip to probable cause, Judge, if
 4   there's a dismissal (indiscernible); is that correct?
 5            MS. MURGADO:  Yeah, I mean, that's fine.  You can --
 6   you know.
 7            THE COURT:  Okay.  Because a merger would require me
 8   to take a factual basis on all of them.  So ... .  All right.
 9   Okay.  I believe that concludes everything.  Thank you for your
10   appearances today.  And good luck to you in the future.
11            MR. SPECK:  Thank you, Judge.
12            MS. MURGADO:  Thank you, Judge.
13            THE COURT:  Thank you.
14            MR. SPECK:  Judge, can I get a copy, or get the
15   originals and maybe keep copies of --
16            THE COURT:  You can have to keep copies from my court
17   staff outside.  Okay, so -- all right.  So these matters are not
18   going to be pursued until the constitutionality has been
19   rectified if I'm not mistaken.  Okay.
20            Now, Counsel, the question I have before you leave,
21   actually, I'm not going off record yet, is it objectionable if
22   they're going to be contesting the constitutionality of the
23   statute that I stay the fines as to city ordinance only?  Okay.
24   I will stay the fines as to the city ordinance only --
25            MR. SPECK:  Thank you, Judge.
```

1          THE COURT: -- because there's an issue as to the
2  constitutionality that you have every right to take up on
3  appeal. I will not stay the fines as to the criminal charge
4  that you pled guilty to. Okay? That has to be paid. All
5  right?
6          Thank you, very much.
7          MS. MURGADO: Thank you, Judge.
8          MR. SPECK: And I can just get copies out at the
9  window, Judge?
10         THE COURT: Yes.
11         MR. SPECK: Thanks. Just, the lease is two-sided, so
12 if you can make a copy.
13         THE COURT: Okay.
14         MR. SPECK: Thanks, Judge.
15         Okay. All right, just make sure (indiscernible), and
16 make copies of these, but tell them to make copies and keep the
17 originals. Okay?
18         There being nothing further before this Court, this
19 Court will now stand adjourned.
20         (Hearing concluded).
21
22
23
24
25

CERTIFICATE

I, Paula Brokaw, do hereby certify that the foregoing is a true and accurate transcript of the taped proceedings as transcribed by me on the date hereinbefore set forth, to the best of my ability.

_____           _____
                                    Paula Brokaw
                                    Certified Electronic
                                    Court Transcriber
                                    Cert. No. CET**D-529