UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SHELLEY L. STANGLER, P.C.
155 MORRIS AVENUE, 2ND FLOOR
SPRINGFIELD, NJ 07081
PHONE (973) 379-2500 FAX (973) 379-0031
Attorney for Plaintiffs

| | |
|---|---|
| MOHAMMAD R. RAHAMI, MOHAMMAD K. RAHAMI, JR., and MOHAMMAD Q. RAHAMI, | CIVIL ACTION |
| Plaintiffs, | Civ. No: 2:11-cv-01953-DMC-JAD |
| vs. | |
| THE CITY OF ELIZABETH, THE ELIZABETH POLICE DEPARTMENT, OFFICER J. CORREIA, OFFICER L. BOONE, OFFICER JOSEPH WASSELL, OFFICER HECTOR CABO, DETECTIVE V. TROPEANO, SERGEANT BURNS, LIEUTENANT JOHN BASTARDO, CHIEF OF POLICE RONALD SIMON, POLICE DIRECTOR JAMES COSGROVE, JAMES DEAN MCDERMOTT, JOHN DOES 1-5 and ABC ENTITIES 1-5, | BRIEF IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL<br><br>FILED UNDER SEAL<br>REDACTED VERSION |
| Defendants. | |

## PRELIMINARY STATEMENT

New Jersey Rule of Professional Conduct 1.16(b) permits an attorney to withdraw as counsel when there is no adverse effect on the litigant, when a client fails to fulfill a material obligation, when there is an unreasonable financial burden imposed upon counsel, or when withdrawal will not engender delay or prejudice the adversary. Under any of these provisions, counsel should be permitted to withdraw from representation in this case asserting claims for, *inter alia*, violation of 42 U.S.C. § 1983 and malicious prosecution.

## FACTS

The Court is respectfully referred to the Certification of Shelley L. Stangler, Esq. submitted in support of the motion and exhibits annexed thereto for a recitation of the pertinent facts.

## LEGAL ARGUMENT

### POINT I

### LEGAL STANDARD GOVERNING APPLICATIONS TO WITHDRAW AS COUNSEL

Pursuant to Local Civil Rule 102.1, "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." Under Local Civil Rule 103.1, the New Jersey Rules of Professional Conduct ("RPC") govern the conduct of attorneys appearing before the District of New Jersey. In re Congoleum Corp., 426 F.3d 675, 687 (3d Cir.2005) (citation omitted). New Jersey Federal Courts generally look to New Jersey State courts for interpretation of the RPCs, as modified as necessary by federal law. Wyeth v. Abbott Labs., 692 F.Sup.2d 453, 455-56 (D.N.J. 2010) (citation omitted).

RPC 1.16(b) lists seven (7) circumstances pursuant to which an attorney may withdraw from representation:

(1) The withdrawal can be accomplished without material adverse effect on the client's interests;

(2) The client persists in a course of action the lawyer reasonably believes is criminal or fraudulent;

3

(3) The client has used the lawyer's services to perpetrate a crime or fraud;

(4) The client insists on taking action that the lawyer considers repugnant;

(5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficulty by the client; or

(7) Other good cause for withdrawal exists.

RPC 1.16(b)(1)-(7). These provisions are independent of each other and provide separate bases for withdrawal. See Debevoise Committee Report, 112 N.J.L.J. July 28, 1993 (*also found in* N.J. Attorney Ethics, Kevin Michaels, 2001 Edition, Appendix D at 1169). Here, counsel seeks leave to withdraw pursuant to RPC1.16(b)(1), (5), (6) and (7).

### POINT II

### WITHDRAWAL CAN BE ACCOMPLISHED WITHOUT MATERIAL, ADVERSE EFFECT ON PLAINTIFFS

Here, this matter has been stayed almost from inception such that discovery has not proceeded beyond exchange of Rule 26(a) disclosures and propounding of written discovery. **REDACTED**. In addition, there are no time

constraints that would preclude another attorney from handling this case. Nor are counsel's services so unique as to preclude the finding of alternative counsel. Haines v. Ligget Group, Inc. 814 F. Supp. 414 (D.N.J. 1993).

Those cases finding a "material adverse effect" under RPC 1.16 (b) involved imminent trial dates. Kriegsman v. Kriegsman, 150 N.J. Super 474 (App. Div. 1977); Rusinow v. Kamara, 920 F. Supp. 69 (D.N.J. 1996). Here, no trial date has been scheduled such that these adverse decisions are inapposite. Furthermore, Civil Rule 1:11-2 does not require leave of the Court to withdraw where there has been no pretrial or the fixing of a trial date in a civil action and the client consents.

In summary, there are no material adverse effects on Plaintiffs by reason of the requested relief such that counsel should be permitted to withdraw.

### POINT III

**REDACTED.**

**REDACTED.**

### POINT IV

### REDACTED

In Smith v. R.J. Reynolds Tobacco, 267 N.J. Super 62, 80-81 (App. Div. 1993), the Court analyzed the concept of financial burden, stating that "there are limits to what can reasonably be expected of counsel when they anticipate no return for their clients or themselves."

The Court continued:

> ... there comes a time when even the most vigorous representation cannot succeed and the costs will far exceed any recovery. If the client were on an hourly fee, there would come a time he or she would call it quits. A contingency fee is in the client's interest because it permits litigation on behalf of a client who could not otherwise afford the hourly rate or lump sum retainer. But because the client has no direct expense (and, as here, disbursements are paid from any recovery), the client cannot insist on continued representation no matter what the cost and prospects of recovery.

Id. at 82.

Thus, the Court found that applications for withdrawal from contingency fee agreements for "unreasonable financial burden" should be evaluated by an analysis of the probability of success against the costs of prosecuting the case.

**REDACTED.**

### POINT IV

### GOOD CAUSE EXISTS FOR THE WITHDRAWAL

Fairness to the client, preserving a court's resources and efficiency are all considerations that may be taken into account when weighing an application to withdraw. See Haines, 814 F. Supp. at 423. Here, Plaintiffs have been given fair and ample warning of this firm's intent to withdraw. The withdrawal application is brought in the nascent stages of this litigation, and thus there would be no delay, and no duplication of resources in allowing another firm to assume representation of Plaintiffs at this point. If the within motion is granted, Plaintiffs' right to have their day in court would not be thwarted, and defendants would not lose their right to have this matter timely resolved. Compare, Marlowe

Patent Holdings LLC. v. DiceElectronics, LLC, Nos. 3:10-cv-1199(PGS), 3:11-cv-7044 (PGS), 2013 WL 3043562 at *3 (D.N.J. June 17, 2014) (granting Szaferman, Lakind, Blumenstein & Blader's application to be relieved as counsel where, *inter alia*, granting the motion would not delay resolution of case or prejudice defendants), *and* Rusinow, 920 F.Supp. at 71-72 (denying claim to withdraw on eve of trial when effective substitute could not be found).

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the relief be granted, and that the Court issue an Order permitting counsel to be relieved from the case and extending discovery a reasonable time to allow Plaintiffs to obtain new counsel.

Respectfully submitted,

_____
SHELLEY L. STANGLER, ESQ.

Dated: February 3, 2015

7